ORIGINAL

FILED
DEC 2 2 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE EDGE RESEARCH & DEVELOPMENT, INC., | ) | 03-2843C |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA THROUGH THE DEPARTMENT OF THE ARMY, U.S. ARMY SPACE AND MISSILE DEFENSE COMMAND, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT OF FEDERAL CLAIMS:

COMES NOW THE EDGE RESEARCH & DEVELOPMENT, INC., Plaintiff in the above-entitled cause, and files this its Original Complaint and in support thereof shows the Court as follows:

## I. PARTIES

1. THE EDGE RESEARCH & DEVELOPMENT, INC. ('THE EDGE") is a Texas corporation with this principal place of business in El Paso, Texas.

2. Defendant is THE UNITED STATES OF AMERICA ACTING THROUGH THE DEPARTMENT OF THE ARMY U.S. ARMY SPACE AND MISSILE DEFENSE COMMAND ("SMDC"). The EDGE requests that the clerk serve the UNITED STATES pursuant to Rule 4 of the Rules of the United States Court of Federal Claims.

## II. JURISDICTION

3. THE EDGE seeks to recover against the UNITED STATES for breach of an express and/or implied in fact contract with the UNITED STATES acting through the SMDC. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §1491(a)(1) (Supp. 2003) and 41 U.S.C. §609(a)(1) (Supp. 2003).

## III. STATEMENT OF FACTS

4. SMDC operates a High Energy Laser Systems Test Facility ("HELSTF") which is located on the area commonly known as the White Sands Missile Range in Southern New Mexico. Tests are conducted on, among other things, the Mid-Range Infrared Advanced Chemical Laser ("MIRACL"). MIRACL operates with such gases as nitrogen, argon, helium, tri-fluoride, deuterium and ethylene-helium. These gases are stored and then piped to MIRACL in pressure vessels and piping systems that must undergo pressure vessel testing and active, routine maintenance to insure their safety. Prior to May of 2002, SMDC contracted with outside sources to provide the certification and maintenance of the pressure vessels.

5. THE EDGE is a participant in the Hub-Zone Empowerment Contracting Program implemented by the Small Business Administration. THE EDGE is certified as a qualified Hub-Zone small business concern and is the only entity in the White Sands Missile Range area qualified to provide pressure vessel testing services.

6. The director of HELSTF SMDC learned that the testing and certification previously performed on the high pressure vessels was not done in compliance with the American Society of Mechanical Engineers ("ASME") or the Department of Transportation ("DOT") procedures. The

director provided THE EDGE with a statement of work and requested permission from SMDC to hire THE EDGE because of immediate safety concerns.

7. On Friday, May 17, 2002 Debra Parker of SMDC in Huntsville, Alabama submitted to THE EDGE DASG 60-02-C-0061 (the "Contract") for Phase I of the HELSTF Pressure Vessel Re-Certification. It called for inspection of existing conditions, documentation and testing. Phase II was to consist of repair, manufacture and re-rating of vessels. The scope initially was for 287 vessels although this number increased in subsequent scope of work revisions. The Contract includes a disputes clause and termination for convenience clause. THE EDGE executed the Contract and returned it to Debra Parker. It understood that the Contract could not be binding until there was approval by SMDC. In late May of 2002, THE EDGE through Shane Bowen, HELSTF through Lieutenant Colonel Lyn O. Tronti and Mark Lumer of SMDC participated in a conference call. LTC Tronti address her safety concerns to Mark Lumer who then authorized THE EDGE to proceed with work. THE EDGE did so.

8. By July 16, 2002 THE EDGE had prepared a draft of its Phase I Evaluation Report which detailed its findings and specified the deficiencies in the certification and testing done previously. On July 18, 2002, Debra Parker prepared a Memorandum for the Record noting that there was a technical/safety issue brought to her attention, requesting that the findings be summarized, requesting that an SMDC safety office employee familiar with ASME standards be involved as soon as possible, noting that THE EDGE has gone "on risk" at HELSTF for visual inspection of the vessels. She also directed that THE EDGE should be instructed to "limit their risk." THE EDGE subsequently provided its HELSTF PRESSURE VESSEL AND SUPPORT SYSTEMS

Phase I Evaluation Report which was reviewed and utilized by the government thereby ratifying and approving the agreement between the parties.

9. On Wednesday, August 7, 2002 Debra Parker notified Shane Bowen that all work at HELSTF being performed by THE EDGE should cease and she also alleged that there was no contract with THE EDGE from SMDC. THE EDGE demobilized but nevertheless submitted to SMDC the HELSTF Project Review dated August 19, 2002, detailing its findings, noting safety concerns, noting deficient inspections and certifications and making recommendations.

10. THE EDGE billed SMDC $319,451. SMDC denied the existence of a contract and denied substantial benefit to the government. THE EDGE submitted its claim pursuant to the Contract Disputes Act. By letter dated September 25, 2003 Denise L. Owens, the Contracting Officer, issued her final decision and paid $35,590 to THE EDGE.

## IV. CAUSE OF ACTION

11. The actions of SMDC constitute a breach of an express or implied in fact contract between the UNITED STATES and THE EDGE. This breach is the proximate cause of damages to THE EDGE in the amount of $319,451. THE EDGE also seeks the recovery of its reasonable and necessary attorneys fees.

12. Defendant terminated the Contract for the convenience of the government and Plaintiff is entitled to recover for the work performed prior to the termination plus reasonable expenses resulting from termination.

WHEREFORE, PREMISES CONSIDERED, THE EDGE requests that Defendant be cited to appear herein and that following a trial the Court enter judgment in favor of Plaintiff against Defendant and award Plaintiff its actual, incidental and consequential damages for breach of an

express and/or implied in fact contract with the UNITED STATES, award Plaintiff its reasonable and necessary attorneys fees, costs of court, prejudgment interest, post-judgment interest and such other relief in law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**BECK & GIVEN, P.C.**
5915 Silver Springs Drive, Bldg. 4
El Paso, Texas 79912
915.544.5545
915.544.1620 Facsimile

By:_______________
E. Link Beck
State Bar No. 02007400

and

**STUDDARD & MELBY**
Jonathan D. Schwartz
State Bar No. 17870000
415 N. Mesa Street, 3rd Floor
El Paso, Texas 79901
915.533.5938
915.533.6225 Facsimile