IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE EDGE RESEARCH & DEVELOPMENT, INC., Plaintiff, | ) | No.03-2843C |
| v. | ) | (Judge Baskir) |
| THE UNITED STATES Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint of plaintiff, The Edge Research & Development, Inc. ("The Edge"), defendant admits, denies, and alleges as follows:

**I. PARTIES**

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation contained in the first sentence of paragraph 2. The second sentence of paragraph 2 contains non-factual statements, to which no response is required.

**II. JURISDICTION**

3. The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**III. STATEMENT OF FACTS**

4. Admits the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4, but avers that plaintiff misstates the full name of MIRACL, the correct full name of which is "Mid-Infrared Advanced Chemical Laser." Admits the allegation contained in the third sentence of paragraph 4 that MIRACL uses gases, but avers that these gases include nitrogen, nitrogen tri-fluoride, argon, helium, fluorine, deuterium and ethylene-helium, and not "tri-fluoride." Admits the allegations contained in the fourth sentence of paragraph 4. Admits the allegation contained in the fifth sentence of paragraph 4.

5. Admits the allegations contained in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that The Edge is certified as a qualified Hub-zone small business concern; denies the remainder of the allegations contained in the second sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a beleif as to their truth; the allegations contained in the first sentence of paragraph 6 are ambiguous and unclear as to which instance(s) of "testing and certification" the plaintiff is

referring. Denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in first, second, third, fourth, fifth, and sixth sentences of paragraph 7 to the extent supported by the proposed contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, third, fourth, fifth, and sixth sentences of paragraph 7. Admits the allegation contained in the seventh sentence of paragraph 7 that The Edge understood that no contract would be formed "until there was approval by SMDC," and avers that both The Edge and the Government understood "approval" to mean written approval in the form of a signature on the proposed contract by an SMDC official with authority to bind the Government in contract. Admits the allegations contained in the eighth sentence of paragraph 7. Admits the allegation contained in the ninth sentence of paragraph 7 that "LTC Tronti address[ed] her safety concerns;" denies the remainder of the allegations contained in the ninth sentence of paragraph 7. Denies the allegations contained in the tenth sentence of paragraph 7.

8. Denies the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the second sentence of paragraph 8 that Debra Parker requested, in the memorandum for the Record, "that the findings be summarized;" admits the remainder of the allegations contained

in second sentence of paragraph 8 to the extent supported by the Memorandum for the Record cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the second sentence of paragraph 8. Admits the allegation contained in the third sentence of paragraph 8; Defendant further avers that "the risk" was understood by both parties to mean the funds and resources being expended by The Edge in advance of entering into a contract with the Government, for which The Edge knew it was at risk of not being reimbursed. Admits the allegation contained in the fourth sentence of paragraph 8 that The Edge provided the Government with an unsolicited report entitled "HELSTF PRESSURE VESSEL AND SUPPORT SYSTEMS Phase I Evaluation Report," and that such report was reviewed by the Government, but denies that such report was utilized by the Government; the remainder of the allegations contained in the fourth sentence of paragraph 8 are conclusions of law and plaintiff's characterization of its case, to which no answer is required, to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegation contained in the first sentence of paragraph 9; Defendant further avers that on August 7, 2002, Debra Parker told Shane Bowen that "There is no contract in effect at SMDC for inspection/ researching history of pressure vessels. Any work in anticipation of such contract should cease immediately." Denies the allegation contained in the second

sentence of paragraph 9 that The Edge "demobilized" for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the second sentence of paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents, otherwise denies the remainder of the allegations contained in the second sentence of paragraph 9; Defendant further avers that such document was unsolicited and not submitted pursuant to any contract with the Government.

10. Admits the allegations contained in the first sentence of paragraph 10 that The Edge "billed SMDC $319,451"; Defendant further avers that this bill was in the form of a request for restitution, that it was submitted only after The Edge had previously submitted a bill representing that its total cost were $240,559.20, and that this bill represented a sum that was more than double the firm fixed price of $143,786 contemplated by the proposed contract. Admits the allegation contained in the second sentence of paragraph 10 that the SMDC denied the existence of a contract; denies the remainder of the allegations contained in the second sentence of paragraph 10. The allegations contained in the third sentence of paragraph 10 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 10 that Contracting Officer Denise L. Owens issued her final decision by letter dated

September 25, 2003; Defendant further avers that the payment made to The Edge was in the amount of $35,950 (not "$35,590"), and that the payment was made separately by electronic funds transfer.

**IV. CAUSE OF ACTION**

11. The allegations contained in paragraph 11 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies each and every allegation not previously admitted or otherwise qualified.

14. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

15. The Government asserts the affirmative defense of payment, in that it has paid to the plaintiff the sum of $35,950, which fully compensates the plaintiff for the value of the services it provided the Government.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

OF COUNSEL:
CPT. TIMOTHY J. RYAN
Department of the Army

February 20, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2004, a copy of the foregoing Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on this 20th day of February, 2004, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S ANSWER" addressed as follows:

E. LINK BECK
Beck & Given, P.C.
5915 Silver Springs Drive
Building 4
El Paso, Texas 79912

Phone (915) 544-5545
Fax: (915) 544-1620

JONATHAN D. SCHWARTZ
Studdard & Melby
415 N. Mesa Street
3rd Floor
El Paso, Texas 79901

Phone: (915) 533-5938
Fax: (915) 533-6225

s/Steven M. Mager