IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE EDGE RESEARCH & DEVELOPMENT, INC., | ) | |
| Plaintiff, | ) | No.03-2843C |
| v. | ) | (Judge Baskir) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16, Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's special procedure order, the parties respectfully submit the following joint preliminary status report:

## I. Brief Description Of Factual and Legal Issues

Plaintiff, The Edge Research and Development ("The Edge") claims it performed work pursuant to either an express or implied in fact contract for the United States Army Space and Missile Defense Command's ("SMDC") High Energy Laser Systems Test Facility ("HELSTF") in connection with a pressure vessel certification effort. Defendant denies the existence of a contract, and states that it

previously paid The Edge $35,950 for the value of the services provided to the Government in connection with this claim. App. 1, 5.

SMDC serves as the United States Department of the Army's proponent for space and missile defense. HELSTF, located at the White Sands Missile Range, New Mexico, is SMDC's "Directed Energy Center for Test and Evaluation." See www.smdc.army.mil/SMDC2004/About.html, helstf-www.wsmr.army.mil. Chemicals used during the development, testing, and evaluation of lasers are stored in pressure vessels in and around the HELSTF facility.

The Edge is a Texas corporation, with its principal place of business in El Paso, Texas. The Edge is a participant in the Hub-Zone Empowerment Contracting Program implemented by the Small Business Administration. Compl. ¶¶ 1, 5.

In approximately April 2002, HELSTF/SMDC entered into preliminary discussions with the Edge regarding the inspection and certification of HELSTF's pressure vessels. Compl. ¶ 6. On May 17, 2002, SMDC Contracting Officer Debra Parker forwarded a draft contract to the Edge. App. 6-13, Compl. ¶ 7. The contract provides for the award of $143,786 for services provided. App. 6-8. The draft

contract was signed by Michael Shane Bowen of the Edge on June 11, 2002. Id. at 6. The Defendant alleges that the contract was never signed by any representative of HELSTF or SMDC. Id. at 6-13.

The Edge alleges that in late May 2002, Mark Lumer of SMDC authorized to proceed with work under the contract. Compl. ¶ 7. The United States agrees that The Edge was told to proceed with work under the contract, but denies that such authorization came from any official with SMDC. Answer ¶ 7.

In June 2002, the Edge apparently began doing work related to the vessels. In July 2002, as the Edge was completing its initial report related to the certification effort, SMDC advised The Edge that the company needed to minimize its risk due to problems with the acquisition. Compl. ¶ 8, App. 14. On July 23, 2002, the Edge completed its "HELSTF Pressure Vessel and Support Systems Phase One Evaluation Report." Compl. ¶ 8.

On August 7, 2002, SMDC Contracting Officer Debra Parker advised the Edge that "There is no contract in effect at SMDC for inspection/researching history of pressure vessels. Any work at

HELSTF in anticipation of such contract should cease immediately." App. 15, Compl. ¶ 9. The Edge's employees ceased working at the site, but nevertheless submitted a second report entitled "HELSTF Pressure Vessel Project Review" on August 19, 2002. Compl. ¶ 9.

On January 28, 2003, The Edge submitted a letter with a "cost claim" in the amount of $240,559.20. App. 16-18. On March 17, 2003, a letter was sent to the Edge advising the company that the HELSTF director had claimed that the Government received no benefit from the Edge's services. Id. at 19. On May 15, 2003, The Edge submitted a certified claim pursuant to the Contract Disputes Act in the amount of $319,451. Id. at 20-26. By a letter dated September 25, 2003, the contracting officer issued her final decision, denying the existence of a contract but offering $35,590 as compensation for the benefit received by the Government. Id. at 1. On September 26, 2003, the Defense Finance and Accounting Service paid $35,950 to The Edge. Id. at 5.

The principal issue before this Court is whether an express or implied in fact contract existed. Specifically, the Government contends that the existence of an unsigned, express contract

evidence a lack of mutuality of intent to contract or otherwise precludes the existence of an implied in fact contract for The Edge's service's at HELSTF. The Government also contends that no Government employee with authority approved The Edge's services, although issues of fact remain with regards to this point. Finally, if a contract existed, the parties differ with regards to damages. Plaintiff claims that it is entitled to damages in the amount of $319,451 based on its cost of performance. Defendant contends that the $35,950 paid to The Edge represents a fair amount for the value of the services provided to the Government. While denying that this is the appropriate measure of damages, plaintiffs claim that even if is, The Edge's reports may have been of greater value to the Government than claimed, and will seek discovery relating to the uses to which the Government allegedly put its reports.

## II. Information Provided Pursuant to Appendix A

### a. Jurisdiction

Plaintiff asserts that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a) and 41 U.S.C. § 609(a)(1). Defendant has identified no reason to question the

jurisdiction of the Court at this time.

**b. Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c. Bifurcation**

The parties agree that trial of liability and damages should not be bifurcated.

**d. Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. Remand/Suspension**

The parties agree that no remand or suspension will be sought.

**f. Joinder**

The parties are not aware of any additional parties to be joined at this time.

**g. Dispositive Motions**

At the close of discovery, the parties anticipate filing cross-motions for summary judgment, pursuant to RCFC 56.

**h. Relevant Issues**

See "Brief Description Of Factual and Legal Issues", above.

**i. Settlement**

At this time, the parties cannot state whether this case can be settled. The parties will pursue settlement negotiations in good faith as the litigation progresses. At this time, the parties cannot state whether alternative dispute resolution will be productive.

**j. Trial**

After this Court has resolved any dispositive motions and discovery has been completed, the parties anticipate that this case may proceed to trial. The parties do not request expedited trial scheduling. The parties agree that trial should be held in El Paso, Texas.

**k. Electronic Case Management**

The parties are not aware of any special issues regarding electronic case management needs at this time. Plaintiff, however, has indicated that he still needs to register with the Court's CM/ECF system.

**I. Additional Information**

There is no additional information of which the Court should be aware at this time.

**III. Proposed Discovery Plan**

Counsel for both parties believe that discovery will be necessary. The parties may conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose a discovery deadline of October 15, 2004. Parties proposes that the deadline for filing dispositive motions be December 15, 2004.

If necessary, the parties will propose a date for the exchange all trial exhibits and witness lists within 60 days after the resolution of any dispositive motions.

Pursuant to the Court's order, the parties will attempt to employ stipulations and requests for admissions to the maximum extent possible.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ E. Link Beck
E. LINK BECK
Beck & Given, P.C.
5915 Silver Springs Drive
Building 4
El Paso, Texas 79912
Phone (915) 544-5545
Fax: (915) 544-1620

Attorney for Plaintiff

April 5, 2004

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

Attorneys for Defendant

April 5, 2004

CERTIFICATE OF FILING/SERVICE

I hereby certify that on this 5th day of April, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify under penalty of perjury that on this 5th day of April 2004, I caused to be sent by first-class mail, copies of "JOINT PRELIMINARY STATUS REPORT" addressed as follows:

E. LINK BECK
Beck & Given, P.C.
5915 Silver Springs Drive
Building 4
El Paso, Texas 79912

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation
Branch
Civil Division
Department of Justice