IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE EDGE RESEARCH & DEVELOPMENT, INC., | ) | |
| Plaintiff, | ) | |
| | ) | No.03-2843C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED ANSWER**

For its answer to the amended complaint of plaintiff, The Edge Research & Development, Inc. ("The Edge"), defendant admits, denies, and alleges as follows:

## I. PARTIES

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

## II. JURISDICTION

3. The allegations contained in paragraph 3 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

## III. STATEMENT OF FACTS

4. Admits the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4. Admits the allegation contained in the third sentence of paragraph 4 that MIRACL uses gases, but avers that these gases include nitrogen, nitrogen tri-fluoride, argon, helium, fluorine, deuterium and ethylene-helium, and not "tri-fluoride." Admits the allegations contained in the fourth sentence of paragraph 4. Admits the allegation contained in the fifth sentence of paragraph 4 that, in 1999, HELSTF formed a Pressure Vessel Certification Integrated Project Team ("PVC IPT") to address issues related to the certification of the pressure vessels. Admits the allegations contained in the sixth sentence of paragraph 4. The allegations contained in the seventh and eighth sentences of paragraph 4 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5 that The Edge is certified as a qualified Hub-zone small business concern; denies the remainder of the allegations contained in the

second sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth; the allegations contained in the first sentence of paragraph 6 are ambiguous and unclear as to which instance(s) of "testing and certification" the plaintiff is referring. Denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in first, second, third, fourth, and fifth sentences of paragraph 7 to the extent supported by the proposed contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, third, fourth, and fifth sentences of paragraph 7. Admits the allegation contained in the sixth sentence of paragraph 7 that Shane Bowen, on behalf of the Edge, understood that no contract would be formed "until SMDC approved it," and avers that both The Edge and the Government understood approval to mean written approval in the form of a signature on the proposed contract by an SMDC official with authority to bind the Government in contract. Admits the allegations contained in the seventh sentence of paragraph 7

that Mark Lumer is the contracting executive and Principal Assistant Responsible for Contract for SMDC; otherwise denies the allegations contained in the seventh sentence of paragraph 7. Admits the allegation contained in the eighth sentence of paragraph 7 that Lieutenant Colonel Lyn O. Tronti expressed safety concerns to Mark Lumer at some point in time; otherwise denies the remainder of the allegations contained in the eighth sentence of paragraph 7 and specifically denies that Mark Lumer authorized Lieutenant Colonel Tronti to have the Edge proceed with work. Admits the allegations contained in the ninth sentence of paragraph 7. Denies the allegations contained in the tenth sentence of paragraph 7 to the extent that it implies that Mark Lumer authorized Lieutenant Colonel Tronti to direct the Edge to begin work; otherwise admits the allegations contained in the tenth sentence of paragraph 7. Denies the allegation contained in the eleventh sentence of paragraph 7 that Lieutenant Colonel Tronti organized a new PVC IPT; otherwise admits that the Edge began to attend PVC IPT meetings in June 2002.

8. Denies the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8 to the extent supported by the document cited, which is the

best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 8. Admits the allegations contained in the third, fourth, and fifth sentence of paragraph 8 to the extent supported by the Memorandum for the Record cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third, fourth and fifth sentences of paragraph 8. Admits the allegation contained in the sixth sentence of paragraph 8 that The Edge provided the Government with an unsolicited report entitled "HELSTF PRESSURE VESSEL AND SUPPORT SYSTEMS Phase I Evaluation Report," and that such report was reviewed by the Government, but denies that such report was utilized by the Government.

9. Denies the allegations contained in the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 that, at the July 30, 2002 PVC IPT meeting, the Edge expressed safety concerns regarding the pressure vessels and pressure vessel systems; denies the remainder of the allegations contained in the second sentence of paragraph 9. The third sentence of paragraph 9 constitutes plaintiff's characterization of its case, to which no response is required; to the extent a response is required, admits that, at the July 30,

2002 PVC IPT meeting, the Edge expressed safety concerns regarding the pressure vessels and pressure vessel systems.

10. Admits the allegation contained in the first sentence of paragraph 10; defendant further avers that, on August 7, 2002, Debra Parker told Shane Bowen that "There is no contract in effect at SMDC for inspection/ researching history of pressure vessels. Any work in anticipation of such contract should cease immediately." Denies the allegation contained in the second sentence of paragraph 10 that The Edge "demobilized but continued work on a report of its findings" for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 10 that "[o]n August 8, 2002, there was a briefing given to Major General John Urias, the Deputy Commanding Officer for SMDC," and avers that the subject of that briefing was "HELSTF Compliance Assessment Results." Admits the allegations contained in the fourth sentence of paragraph 10 that "Major General Urias directed that there could be no testing of the MIRACL unless such testing was cleared with him ahead of time," denies the remainder of the allegations contained in the fourth sentence of paragraph 10. The fifth sentence of paragraph 10 constitutes plaintiff's characterization of its case,

to which no response is required; to the extent a response is required, the allegations are denied. Admits the allegations contained in the sixth sentence of paragraph 10. Admits the allegations contained in the seventh sentence of paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents, otherwise denies the allegations contained in the seventh sentence of paragraph 10; Defendant further avers that such document was unsolicited and not submitted pursuant to any contract with the Government.

11. Denies the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11. Admits the allegations contained in the third sentence of paragraph 11 that Mr. Hodge briefed General Urias on the situation at the HELSTF facility (including pressure vessels and pressure vessel systems) and admits that the MIRACL was cleared to resume testing in June 2003; denies the remainder of the allegations contained in the third sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12; defendant further avers that this bill was in the form of a request for restitution, that it was submitted only after The Edge had

previously submitted a bill representing that its total cost were $240,559.20, and that this bill represented a sum that was more than double the firm fixed price of $143,786 contemplated by the proposed contract. Admits the allegation contained in the second sentence of paragraph 12 that the SMDC denied the existence of a contract; denies the remainder of the allegations contained in the second sentence of paragraph 12. The allegations contained in the third sentence of paragraph 12 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 12. Admits the allegations contained in the fifth, sixth, and seventh sentences of paragraph 12 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies the remainder of the allegations contained in the fifth, sixth, and seventh sentences of paragraph 12.

## IV. CAUSE OF ACTION

13. The allegations contained in paragraph 13 are conclusions of law and plaintiff's characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies each and every allegation not previously admitted or otherwise qualified.

15. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

16. The Government asserts the affirmative defense of payment, in that it has paid to the plaintiff the sum of $35,950, which fully compensates the plaintiff for the value of the services it provided the Government.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

OF COUNSEL:
J. MACKEY IVES
Litigation Attorney
General Litigation Branch
Army Litigation Division
Department of the Army

EARL G. MITCHELL
SMDC Office of Command
Counsel - Huntsville
Department of the Army

January 21, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 21st day of January, 2005, a copy of the foregoing Amended Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven M. Mager